MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, California 92612
Phone No.:      (949) 216-4000
Fax No.:        (800) 596-0370

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER WALLIS, Individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

PLUTOS SAMA HOLDINGS, INC., a Delaware corporation; ANDREW CORCORAN, an individual; MICHAEL KEADJIAN, an individual; MARK WOODWARD, an individual; SARINA BROWNDORF, an individual; INGA SCHNEIDER, an individual; MELVIN BROWNDORF, an individual; BONNIE BROWNDORF, an individual; JACOB BROWNDORF, an individual; GARO KEADJIAN, an individual; PATRICK FARENGA, an individual; BRITTNEY ROWLAND, an individual; DISTRESSED CAPITAL MANAGEMENT, LLC, a California Limited Liability Company; DCM-P1, LLC, a Delaware limited liability company; DCM-P2, LLC, a Delaware limited liability company; DCM-P3, LLC, a Delaware limited liability company; DCM-P4, LLC, a Delaware limited liability company;  DCM-P5, LLC, a Delaware limited liability company; DCM-P6, LLC, a Delaware limited liability company; DCM-P7, LLC, a Delaware limited liability company; DCM-P8, LLC, a Delaware limited liability company; DCM-P9, LLC,

Case No.:

**CLASS ACTION COMPLAINT FOR:**

1. **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT: COUNT I – VIOLATION OF 18 U.S.C. § 1962(c)**
2. **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT: COUNT II – VIOLATION OF 18 U.S.C. § 1962(d)**
3. **SECURITY AND EXCHANGE COMMISSION – VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10b-5**
4. **CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS – VIOLATION OF 26 U.S.C. § 7434**
5. **CONVERSION**

**JURY TRIAL DEMANDED**

1

a Delaware limited liability company;                    )
WCCB LAW, LLP, a New York Limited                    )
Liability Partnership; WB LAW, LLP, a                    )
New York Limited Liability Partnership;                    )
KCB LAW GROUP, LLP, a New York                    )
Limited Liability Partnership; and DOES 1                    )
through 100, Inclusive,                    )
                    )
      Defendants.                    )
_____    )

## COMPLAINT

      Plaintiff CHRISTOPHER WALLIS ("Plaintiff") individually and on behalf of all other persons similarly situated, brings this class action against Defendants ANDREW CORCORAN, an individual; MICHAEL KEADJIAN, an individual; MARK WOODWARD, an individual; SARINA BROWNDORF, an individual; INGA SCHNEIDER, an individual; MELVIN BROWNDORF, an individual; BONNIE BROWNDORF, an individual; JACOB BROWNDORF, an individual; GARO KEADJIAN, an individual; PATRICK FARENGA, an individual; BRITTNEY ROWLAND, an individual (collectively, the "Individual Defendants"); PLUTOS SAMA HOLDINGS, INC., a Delaware corporation; DISTRESSED CAPITAL MANAGEMENT, LLC, a California Limited Liability Company; DCM-P1, LLC, a Delaware limited liability company; DCM-P2, LLC, a Delaware limited liability company; DCM-P3, LLC, a Delaware limited liability company; DCM-P4, LLC, a Delaware limited liability company; DCM-P5, LLC, a Delaware limited liability company; DCM-P6, LLC, a Delaware limited liability company; DCM-P7, LLC, a Delaware limited liability company; DCM-P8, LLC, a Delaware limited liability company; DCM-P9, LLC, a Delaware limited liability company; WCCB LAW, LLP, a New York Limited Liability Partnership; WB LAW, LLP, a New York Limited Liability Partnership; KCB LAW GROUP, LLP, a New York Limited Liability Partnership; and DOES 1 through 100 (collectively, the "Entity Defendants") (together with the Individual Defendants, the "Defendants") based upon knowledge, relevant documents and

_____

information and belief, alleging as follows:

## NATURE OF THIS ACTION

1.    This is a federal class action on behalf of a class consisting of all persons, other than Defendants, whose Earnings (as hereinafter defined) were illegally withheld, converted, misappropriated or otherwise mismanaged while working for one or more of the Entity Defendants and suffered financial damages as a result of the actions alleged herein. Plaintiff seeks to recover damages and other relief against Defendants for the wrongful and collusive business practices perpetrated through a pattern of racketeering activity. Plaintiff further seeks to recover compensable damages caused by Defendants' violation of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION

2.    Plaintiff brings this Complaint under federal question jurisdiction, in particular, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Accordingly, this Court has federal subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 18 U.S.C. 1964, 18 U.S.C. § 1961 *et seq.* and 15 U.S.C. § 1314 *et seq.*

3.    This Court also has jurisdiction pursuant to § 10(b) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and under Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

4.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) *et seq.* as one or more

3

_____
COMPLAINT FOR DAMAGES

Defendants are located or reside in this District, and a substantial part of the events and omissions giving rise to the claims included herein occurred in this District.

## **PARTIES**

6.      Plaintiff is and was, at all relevant times hereto, an individual residing in Orange County, State of California.

7.      Plaintiff is informed and believes that most class members reside in the State of California.

8.      Defendant ANDREW CORCORAN ("Corcoran") is upon information and belief, an individual residing in Montgomery County, Maryland. Corcoran is a licensed attorney in the State of Maryland and the State of New York.

9.      Defendant MICHAEL KEADJIAN ("Keadjian") is upon information and belief, an individual residing in Orange County, California. Keadjian is a licensed attorney in the State of California.

10.      Defendant MARK WOODWARD ("Woodward") is upon information and belief, an individual residing in Irvine, California.

11.      Defendant SARINA BROWNDORF ("Sarina") is upon information and belief, an individual residing in Orange County, California.

12.      Defendant INGA SCHNEIDER ("Inga") is upon information and belief, an individual residing in Orange County, California.

13.      Defendant MELVIN BROWNDORF ("Melvin") is upon information and belief, an individual residing in Orange County, California.

14.      Defendant BONNIE BROWNDORF ("Bonnie") (and together with Corcoran, Keadjian, Sarina, Inga, Melvin, and Bonnie the "Principal Individual Defendants") is upon

4

COMPLAINT FOR DAMAGES

information and belief, an individual residing in Orange County, California.

15.     Defendant JACOB BROWNDORF ("Jacob") is upon information and belief, an individual residing in Orange County, California.

16.     Defendant GARO KEADJIAN ("Garo") is upon information and belief, an individual residing in Orinda, California.

17.     Defendant PATRICK FARENGA ("Farenga") (and together with Corcoran and Keadjian the "Individual Owner Defendants") is upon information and belief, an individual residing in Dove Canyon, California.

18.     Defendant BRITTNEY ROWLAND ("Rowland") is upon information and belief, an individual residing in Orange County, California.

19.     Defendant DISTRESSED CAPITAL MANAGEMENT, LLC ("DCM"), is a California Limited Liability Company doing business in California, New York, and Poland. Matthew Browndorf ("Browndorf", not a party to this action)[1] is the Chief Executive Officer. Plutos Sama, LLC is a member. Plutos Sama, LLC is not a party to this action. As of June 3, 2021, DCM's status with the California Secretary of State is "FTB Suspended."

20.     Defendant DCM-P1, LLC ("DCM-P1"), is a Delaware limited liability company with its principal place of business in Orange County, California.

21.      Defendant DCM-P2, LLC ("DCM-P2"), is a Delaware limited liability company with its principal place of business in Orange County, California.

22.     Defendant DCM-P3, LLC ("DCM-P3"), is a Delaware limited liability company with its principal place of business in Orange County, California.

---

[1] On or about August 10, 2020, in a separate action, Browndorf stipulated to a judgment for part of the conduct asserted herein, although he has yet to satisfy any portion thereof.

COMPLAINT FOR DAMAGES

23.    Defendant DCM-P4, LLC ("DCM-P4"), is a Delaware limited liability company with its principal place of business in Orange County, California.

24.    Defendant DCM-P5, LLC ("DCM-P5"), is a Delaware limited liability company with its principal place of business in Orange County, California.

25.    Defendant DCM-P6, LLC ("DCM-P6"), is a Delaware limited liability company with its principal place of business in Orange County, California.

26.    Defendant DCM-P7, LLC ("DCM-P7"), is a Delaware limited liability company with its principal place of business in Orange County, California.

27.    Defendant DCM-P8, LLC ("DCM-P8"), is a Delaware limited liability company with its principal place of business in Orange County, California.

28.    Defendant DCM-P9, LLC ("DCM-P9"), is a Delaware limited liability company with its principal place of business in Orange County, California.

29.    Defendant PLUTOS SAMA HOLDINGS, INC. ("PSH") is a Delaware corporation, doing business and headquartered in California. Browndorf is the Chief Executive Officer, Secretary, and founder of PSH. Corcoran acted as Secretary of PSH through January 4, 2021. Melvin is the Chief Financial Officer of PSH.

30.    Defendant WCCB LAW, LLP ("WCCB") is a New York limited liability partnership, doing business in New York, California, and Washington, DC. On January 4, 2021, WCCB changed its name with the New York Department of State to WB LAW, LLP (below). Corcoran was a founding partner of WCCB.

31.    Defendant WB LAW, LLP ("WB") is a New York limited liability partnership, doing business in New York, New Jersey, and Pennsylvania. WB was formerly WCCB LAW, LLP (see above).

COMPLAINT FOR DAMAGES

32.     Defendant KCB LAW GROUP, LLP ("KCB") is a New York limited liability partnership, doing business in New York and California.

33.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of these fictitiously named defendants is in some manner responsible for the events and damages alleged herein and will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained. Each reference in this complaint to "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

34.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this Complaint, Corcoran, Keadjian, Woodward, Farenga, Rowland, and Does 1 through 100, were the agents and/or employees of DCM and/or PSH and/or WCCB and/or WB and/or KCB.

## BACKGROUND

**Relationship Between the Parties**

35.     Keadjian was previously a managing partner at Wilson Keadjian Browndorf, LLP ("WKB"), a New York limited liability partnership not named as a defendant.[2]

36.     PSH owned WKB and all affiliate law firms, as well as several other entities.

37.     Plaintiff worked at PSH.

38.     Plaintiff and other members of the Class were employed with and paid wages by one or more of the Entity Defendants.

39.     Throughout the course of Plaintiff and other Class members' employment with Entity

---

[2] WKB is inactive as of March 1, 2021.

COMPLAINT FOR DAMAGES

Defendants, Defendants withheld several million dollars in wages, employment pension plans and benefits, commissions, and health benefits ("Earnings").

40.     The Individual Owner Defendants held equity and / or management positions with the Entity Defendants.

41.     In addition to illegally withholding these Earnings from the Plaintiff and other members of the Class, Defendants fraudulently reported to the Internal Revenue Service (IRS) that such Earnings were paid to the Plaintiff and other Class members. As a result, PSH and the Entity Defendants received payroll deductions by way of these fraudulent claims and the Plaintiff and other members of the Class were assigned tax liability by the IRS for Earnings they never received.

42.     Corcoran is a licensed attorney in the State of Maryland and the State of New York. Corcoran is a founding partner of WCCB.

43.     Plaintiff is informed and believes, and on that basis alleges that Corcoran has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes, specifically by using illegally withheld Earnings to fraudulently purchase and sell securities through numerous shell entities.

44.     Keadjian is a licensed attorney in the State of California. Keadjian was a founding partner of WKB, and worked closely with members of the Class at WKB.

45.     Keadjian is listed as the agent for service of process for both DCM and Plutos Sama, LLC (not a party to this action).

46.     Woodward is employed as an executive at DCM and has worked at each of DCM P-1 through DCM P-9.

47.     Plaintiff is informed and believes, and on that basis alleges, that Woodward has knowingly benefitted from these illegal schemes and purposefully participated in the these fraudulent

8

schemes, specifically by using illegally withheld Earnings to fraudulently purchase and sell securities through numerous shell entities.

48.     Plaintiff is informed and believes, and on that basis alleges, that Sarina has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes, specifically by knowingly and willfully spending such illegally withheld Earnings.

49.     Plaintiff is informed and believes, and on that basis alleges, that Sarina had direct access and privileges to withdraw funds from Entity Defendants, funds which should have been inured to the benefit of Plaintiff and other members of the Class. Sarina did withdraw and utilize such funds to her benefit, in addition to directing employees of such Entity Defendants to do so on her behalf. Specifically, on more than one occasion Sarina:

a.   Directed employees of Entity Defendants to use funds held by Entity Defendants to purchase airfare from Germany to California for Inga, which funds should have been inured to the benefit of Plaintiff and other members of the Class;

b.   Wired monies to Inga from Entity Defendants from funds which should have been inured to the benefit of Plaintiff and other members of the class; and

c.   Paid her personal credit card bills directly from Entity Defendants using funds which should have been inured to the benefit of Plaintiff and other members of the Class.

50.     Inga is the mother of Sarina. Plaintiff is informed and believes, and on that basis alleges, that Inga has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes, by knowingly and willfully spending such illegally withheld Earnings.

51.     Specifically, Inga accepted funds and airfare (described above) sent directly from Entity Defendant accounts, from funds which she knew should have been inured to the benefit of Plaintiff and other members of the Class.

9

COMPLAINT FOR DAMAGES

52.     Melvin is the Chief Financial Officer of PSH. Plaintiff is informed and believes, and on that basis alleges, that Melvin has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes, by using illegally withheld Earnings to fraudulently purchase and sell securities through numerous shell entities, and by knowingly and willfully spending such illegally withheld Earnings.

53.     Specifically, on more than one occasion, Melvin has accepted funds sourced from such illegally withheld Earnings to pay for ordinary living expenses including mortgage payments, auto lease payments, and other ordinary expenses. All such funds were paid for directly from Entity Defendants using illegally withheld Earnings and funds which should have been inured to the benefit of Plaintiff and other members of the Class.

54.     Bonnie is the wife of Melvin. Plaintiff is informed and believes, and on that basis alleges, that Bonnie has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes by knowingly and willfully spending such illegally withheld Earnings.

55.     Specifically, on more than one occasion, Bonnie has accepted funds sourced from such illegally withheld Earnings to pay for ordinary living expenses including mortgage payments, auto lease payments, and other ordinary expenses. All such funds were paid for directly from Entity Defendants using illegally withheld Earnings and funds which should have been inured to the benefit of Plaintiff and other members of the Class.

56.     Jacob is the adult grandson of Melvin and Bonnie. Plaintiff is informed and believes, and on that basis alleges, that Jacob has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes by knowingly and willfully spending such illegally withheld Earnings.

10

COMPLAINT FOR DAMAGES

57.     Specifically, on more than one occasion, Jacob has accepted funds sourced from such illegally withheld Earnings to pay for ordinary living expenses including mortgage payments, auto lease payments, and other ordinary expenses. Jacob further utilized a credit card for personal use, which was in PSH's name. All such funds were paid for directly from Entity Defendants using illegally withheld Earnings and funds which should have been inured to the benefit of Plaintiff and other members of the Class.

58.     Garo is the father of Keadjian. Plaintiff is informed and believes, and on that basis alleges, that Garo has knowingly benefitted from these illegal schemes and purposefully participated in these fraudulent schemes, by knowingly and willfully accepting such illegally withheld Earnings.

59.     Specifically, Garo has supported several of the Entity Defendants, for which he has been provided with sporadic payments. Garo accepted these payments, sent directly from Entity Defendant accounts, knowing the payments were derived from illegally withheld Earnings and funds which should have been inured to the benefit of Plaintiff and other members of the Class.

60.     Farenga worked at Plutos Sama, LLC, and later PSH. Farenga assumed the function of "controller" and "Chief Executive Officer" among other nominal titles he was given. Plaintiff is informed and believes, and on that basis alleges, that Farenga has knowingly benefitted from these illegal schemes and purposefully participated in these ongoing fraudulent schemes.

61.     By way of example, Farenga furthered these fraudulent schemes by intentionally counterfeiting payment checks to employees. Farenga, in concert with the other Individual Owner Defendants,  would manually change the physical account number(s) on said checks in order to cause the checks to be rejected by employees' receiving banks, after which Farenga and the other Individual Owner Defendants would "play dumb" and blame the employees' banks for the mishap in order to buy time to attempt to replace the funds which they knew were actually stolen, converted, and/or

11

COMPLAINT FOR DAMAGES

misappropriated.

62.    Rowland worked at Plutos Sama, LLC, and later PSH. Rowland assumed the function of "payroll clerk," among other nominal titles she was given. Plaintiff is informed and believes, and on that basis alleges, that Rowland has knowingly benefitted from these illegal schemes and purposefully participated in these ongoing fraudulent schemes.

63.    By way of example, Rowland furthered these fraudulent schemes by intentionally counterfeiting payment checks to employees. Rowland, at the direction of the Individual Owner Defendants,  would manually change the physical account number(s) on said checks in order to cause the checks to be rejected by employees' receiving banks, after which the Individual Owner Defendants would "play dumb" and blame the employees' banks for the mishap in order to buy time to attempt to replace the funds which they knew were actually stolen, converted, and/or misappropriated.

64.    Entity Defendants, and each of them, have been used by the Individual Defendants to further the fraudulent schemes alleged in this Complaint. Specifically, Plaintiff is informed and believes, and on that basis alleges, that the Entity Defendants have been used as the backdrop whereby one or more of the Individual Defendants hires and illegally withholds Earnings from employees; executes and delivers counterfeit payment checks to employees by manually changing the account number(s) in order to cause the checks to be rejected by employees' banks, after which one or more of the Individual Defendants "plays dumb" and blames the employees' banks for the mishap in order to buy time to attempt to replace the funds that were stolen, converted, and/or misappropriated; launders money through the establishment of client IOLTA accounts and other types of bank accounts under other of the Entity Defendant names, and attempts to cause individuals, including members of the Class, to become signatories to those accounts, so as to pass blame for any of Defendants' own

COMPLAINT FOR DAMAGES

wrongdoings onto such members of the Class; embezzles client trust funds without their knowledge

or consent by stealing, converting, and/or misappropriating said funds, all of which are earmarked

for payment to said clients' vendors, or should be inured to the benefit of the client; engages in

securities fraud by selling and trading various distressed residential loan pools and judgment holdings,

in some cases through Dummy Corporations intended to mislead investors into believing they are

investing in tangible assets, all without proper – or *any* – licensure; and commits bankruptcy fraud

by creating assetless "runoff" entities for the purpose of nominally filing bankruptcy proceedings

under said shell entities' names while continuing to steal, convert, and/or misappropriate funds

through Defendants' continued operations.

**Fraudulent Business Ventures and Runoff Entities**

65.     Plaintiff is informed and believes, and on that basis alleges, that the Principal

Individual Defendants, acting independently or together, have founded, directed, and/or operated

numerous entities, including PSH, DCM, DCM P-1 through P-9, WCCB, WB, and KCB. The

Principal Individual Defendants have also founded, directed, and/or operated several entities which

are currently inactive and/or have declared bankruptcy, including WKB, Plutos Sama, LLC, LF

Runoff 2, LLC, BP Fisher Law Group, LLP, and Civil Demand Associates, LLC, a now defunct shell

entity used by Defendants to funnel monies through.

66.     Working as partners, directors, and/or founders of these various entities enabled the

Principal Individual Defendants to perpetuate fraudulent schemes. Specifically, these roles gave the

Principal Individual Defendants access to funds that did not belong to them. As partners, directors

and/or founders of the entity, the Principal Individual Defendants were trusted by employees and

clients to safeguard funds and Earnings owed to them and to pay said funds and Earnings to them at

the appropriate time.

13

COMPLAINT FOR DAMAGES

67.     Plaintiff is informed and believes, and on that basis alleges, that the Principal Individual Defendants have created several "runoff" entities whereby they sustain their businesses, while shedding devalued and/or fraudulent assets. Specifically, through this process the Principal Individual Defendants, acting independently or together, transfer assets from an entity on the verge of bankruptcy to a newly-created entity, and subsequently file bankruptcy proceedings in the original entity. This process enables the Principal Individual Defendants to continue operating entities in this fashion, indefinitely.

68.     Through this and similar devious endeavors, the Principal Individual Defendants, through and by the Entity Defendants, have committed various illegal acts, to the benefit of all Defendants.

69.     As a direct and proximate result of the Principal Individual Defendants' actions and roles in this scheme, Plaintiff and other members of the Class have suffered damages.

## CLASS ACTION ALLEGATIONS

70.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who have received Earnings from any of the Entity Defendants at any time relevant to the allegations contained herein (the "Class"). The Class is composed of employees of all Entity Defendants. Excluded from the Class are Individual Defendants and their families, the officers, directors, and investors of the Entity Defendants and members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

71.     The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

14

COMPLAINT FOR DAMAGES

72.     There is a will-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

a.   Whether Defendants conducted or participated in the affairs of an enterprise through a pattern of racketeering activity;

b.   Whether Defendants formed an associated-in-fact enterprise;

c.   Whether Defendants committed mail fraud, wire fraud, counterfeit, money laundering, embezzlement, securities fraud, and/or bankruptcy fraud;

d.   Whether Defendants engaged in a pattern of racketeering as defined by 18 U.S.C. § 1962(c);

e.   Whether Defendants agreed or conspired to violate 18 U.S.C. § 1962(a) (b) and (c);

f.   Whether Defendants violated § 10(b) of the Exchange Act and Rule 10b-5;

g.   Whether Defendants willfully filed fraudulent information returns with respect to payments purported to be made to the Class; and

h.   Whether Defendants converted the illegally withheld Earnings to their own use, namely by transferring funds derived from these illegally withheld Earnings, to their own bank accounts, purchasing securities with these funds, and funding various other business ventures through the Entity Defendants with these funds.

73.     Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct. Specifically, Plaintiff was employed and paid wages by one or more of the Entity Defendants, as were the remaining members of the putative Class.

74.     Plaintiff will adequately protect the interests of the Class and has no interests which

15

COMPLAINT FOR DAMAGES

1    conflict with those of the Class.

2        75.    A class action is superior to other available methods for the fair and efficient

3    adjudication of this controversy.

26   //

27   //

28   //

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT: COUNT I – VIOLATION OF 18 U.S.C. § 1962(c)**

**(By Plaintiff Against All Defendants)**

76.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as fully set forth herein.

77.     Title 18 U.S.C. § 1962(c) makes it unlawful to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

78.     At all relevant times, Defendants were each "person[s]" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

**The Enterprise**

79.     Plaintiff is informed and believes and thereon alleges that Defendants collectively formed an associated-in-fact enterprise ("Association Enterprise"). The Association Enterprise is an illegally formed enterprise as defined in 18 U.S.C. § 1961(4), and has engaged in activities that affected, and continue to affect, interstate commerce, as set forth above.

80.     Upon information and belief, a hierarchy existed in which one or more of the Individual Defendants were the leader, and the other Individual Defendants named herein participated in and/or conducted the operation and/or management of the Association Enterprise's affairs.

81.     As a part of the Association Enterprise, the Defendants have shared in the proceeds of the various schemes. Each of the Defendants has received or benefitted from income derived directly or indirectly from a pattern of racketeering activity. Further, many of the Defendants have used or invested part of such income, or proceeds of such income to establish or operate an enterprise which is engaged in or which affected interstate and foreign commerce in violation of 18 U.S.C. § 1962(a).

17

COMPLAINT FOR DAMAGES

82.     One or more of the Individual Defendants maintains command and control of the Association Enterprise on a strategic level, is the principal authority figure with final say on business decisions, and has taken actions and directed other members of the Association Enterprise to take actions that are necessary to accomplish the overall criminal aims of the Association Enterprise. Through their position of control, such Individual Defendant or Defendants have conducted and participated in the operation and management of the Association Enterprise and its affairs, and have been a central participant in the orchestration, planning, and execution of the Association Enterprise's schemes to defraud Plaintiff and other members of the Class.

**Predicate Acts**

83.     RICO §1961 defines "racketeering activity" broadly to encompass myriad state and federal offenses, including mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); transportation and receipt of stolen money (18 U.S.C. §§ 2314 and 2315); counterfeiting (18 U.S.C. §§ 471 and 473); money laundering (18 U.S.C. § 1956); embezzlement (Cal. Penal Code § 503); securities fraud (18 U.S.C. § 1348); and bankruptcy fraud (18 U.S.C. § 157).

**Use of Mails and Wires in Violation of 18 U.S.C. §§ 1341 and 1343**

84.     Mail fraud is defined as (1) devising a scheme to defraud, and (2) using the mail for the purpose of executing, or attempting to execute, the scheme. *Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989). Wire fraud is broadly defined as "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises" that are transmitted by means of wire, radio, or television communication in interstate commerce. 18 U.S.C. §1343.

85.     Plaintiff is informed and believes, and on that basis alleges, that Defendants committed mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, in furtherance of

their fraudulent scheme.

86.     Defendants, acting as an Association Enterprise, committed mail fraud by submitting inaccurate tax forms to the Plaintiff and other members of the Class that reflected Earnings never paid to the Plaintiff and such other members of the Class, and by submitting fraudulent IRS forms through the mail. Defendants conspired and colluded to make multiple such false and fraudulent communications by mail in furtherance of their sundry schemes in order to defraud Plaintiff and other members of the Class, and the IRS. Such conduct is defined by 18 U.S.C. § 1341 as mail fraud, which is defined by 18 U.S.C. § 1961 as a predicate act of racketeering.

87.     Defendants, acting as an Association Enterprise, committed wire fraud by transmitting fraudulent communications to the Plaintiff and other members of the Class in regard to unpaid Earnings, including promises to pay such Earnings and excuses for the delay in transmission of the Earnings to the Plaintiff and other members of the Class; transmitting funds derived from the illegally withheld Earnings to other sources; by transmitting fraudulent IRS forms through by means of wire communication in interstate commerce, and by sending wires from accounts that did not have funds, so as to conceal the fact that Defendants had stolen, converted and/or misappropriated client trust funds, funds rightfully belonging to Plaintiff and other members of the Class, or funds owed to third party vendors, and to cause payment delays in order to attempt to replace the funds they had stolen, converted and/or misappropriated. Defendants conspired and colluded to make multiple such false and fraudulent communications and take such false and fraudulent actions using wires in furtherance of their sundry schemes in order to defraud Plaintiff and other members of the Class, and the IRS. Such conduct is defined by 18 U.S.C. § 1343 as wire fraud, which is defined by 18 U.S.C. § 1961 as a predicate act of racketeering.

88.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of

the mail to transfer Earnings illegally withheld from the Plaintiff and other members of the Class to Defendants' agents and co-conspirators occurred on more than two separate occasions.

89.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of wires to transfer Earnings illegally withheld from the Plaintiff and other members of the Class to Defendants' agents and co-conspirators occurred on more than two separate occasions.

**Transportation and Receipt of Stolen Money in Violation of 18 U.S.C. §§ 2314 and 2315**

90.    Plaintiff is informed and believes, and on that basis alleges, that Defendants transported, transmitted, and/or transferred securities and money of the value of $5,000 or more in interstate commerce, knowing that said securities and money were stolen, converted, and/or taken by fraud.

91.    Plaintiff is informed and believes, and on that basis alleges, that Defendants received, possessed, concealed, stored, bartered, sold, or disposed of securities and/or money of the value of $5,000 or more, and/or pledged or accepted as security for a loan securities of the value of $500 or more, which crossed a State boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken.

**Counterfeiting in Violation of 18 U.S.C. §§ 471 and 473**

92.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly counterfeited payment checks mailed and intended for payment to Plaintiff and other members of the Class for their professional services rendered, by manually changing the account number(s) in order to cause the checks to be rejected by the Plaintiff and Class members' banks, and then "play dumb" and blame the Plaintiff and Class members' banks for the "mishap," in order to buy time to attempt to replace the funds they had stolen, converted and/or misappropriated.

**Money Laundering in Violation of 18 U.S.C. § 1956**

93.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly laundered monies through the establishment of dozens of IOLTA and other types of bank accounts under different Defendant entity names, and attempting to cause certain members of the Class to actually become signatories to those accounts so as to pass blame for Defendants' own wrongdoings onto such members of the Class.

**Embezzlement in Violation of Cal. Penal Code § 503**

94.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly embezzled Class members' clients' trust funds without such Class members' knowledge or consent by stealing, converting and/or misappropriating said funds, which were earmarked for payment to said clients' vendors, or should have inured to the benefit of Plaintiff or other members of the Class.

**Securities Fraud in Violation of 18 U.S.C. § 1348**

95.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly engaged in securities fraud by selling and trading, without proper - or *any* - licensure, various distressed residential loan pools and judgment holdings (in some cases through Dummy Corporations) intended to mislead investors into believing they were investing in tangible assets.

**Bankruptcy Fraud in Violation of 18 U.S.C. § 157**

96.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly committed bankruptcy fraud by creating assetless "Runoff" entities for the purpose of nominally filing Bankruptcy proceedings under said shell entities' names while continuing to steal, convert and/or misappropriate funds through Defendants' continued operations.

97.    Upon information and belief, over the span of many years, each entity composing the

Association Enterprise contributed to the commission of the aforementioned related acts in furtherance of the Association Enterprise's purpose of profiting from illegally obtained funds and proceeds that were derived from the illegal activities described above.

**Pattern of Racketeering Activity**

98.     A "pattern of racketeering activity" is defined as that "requir[ing] at least two acts of racketeering activity . . . and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. §1961(5).

99.     The acts of racketeering activity referred to *infra* constituted a "pattern of racketeering activity" within the meaning of 18 U.S.C. 1961(5). Defendants have engaged in the pattern of racketeering activity for several years. That pattern included multiple predicate acts of mail and wire fraud, transportation and receipt of stolen money, counterfeiting, money laundering, embezzlement, securities fraud, and bankruptcy fraud.

100.     The aforesaid acts had the same or similar purposes, results, participants, victims, and/or methods of commission, and were otherwise interrelated by distinguishing characteristics and were not isolated events.

101.     The racketeering acts identified above (a) were in furtherance of a common goal, including the goal of illegally withholding Plaintiff and other Class members' Earnings for the purpose of financing Individual Defendants' lifestyles and/or funding the various Entity Defendants; (b) used similar methods to perpetrate the fraud; (c) had similar participants; and (d) had the same victims.

102.     Defendants have engaged in the practice of conspiring and colluding to withhold Earnings from the Plaintiff and other members of the Class for the purpose of buying and selling securities in a fraudulent manner using various shell entities, as set forth *supra*.

COMPLAINT FOR DAMAGES

103.    Defendants engaged in these illegal practices for the purpose of using funds derived from Plaintiff and other Class members' Earnings to fund various illegal business ventures and, ultimately, injecting these funds into the lives of the Individual Defendants, such that they can enjoy a lavish lifestyle.

104.    Defendants' ongoing predicate acts constitutes a pattern of racketeering activities under 18 U.S.C. § 1961(1), thereby subjecting them to liability under 18 U.S.C. § 1962(c).

105.    As such, Defendants have directly and indirectly conducted and participated in the conduct of the Association Enterprise's affairs through a pattern of racketeering activity described throughout this Complaint, in violation of 18 U.S.C. § 1962(c).

106.    Defendants' conduct involves US commerce because they implemented these illegal business practices on projects around the country, particularly in California and New York as set forth above. Defendants' illegal and fraudulent conduct described throughout this Complaint has thus had a direct, substantial, and reasonably foreseeable effect on interstate commerce that resulted in the injuries suffered by Plaintiff and other members of the class, and gives rise to the RICO claims alleged herein.

**Summary**

107.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff and other members of the Class have been injured in their business and property in that they have each been deprived of Earnings, which they would otherwise have retained had it not been for Defendants' fraudulent conduct described herein. Such conduct was oppressive, fraudulent, and malicious, and subjected Plaintiff and other members of the Class to cruel and unjust hardship in a willful and conscious disregard of his rights, warranting exemplary and punitive damages for the reasons set forth herein and for at least the following reasons:

COMPLAINT FOR DAMAGES

a.   It was done with the purpose and intent of depriving Plaintiff and other members of the Class of Earnings owed to them, subjecting Plaintiff and said other Class members to the foreseeable risks of incurring substantial losses directly flowing from withheld Earnings. Defendants illegally withheld from the Plaintiff and other members of the Class for the purpose of furthering Defendants' own illegal schemes all to the Plaintiff and other Class members' detriment;

b.   It was done with the purposeful and intentional design of putting Defendants' own pecuniary interests ahead of Plaintiff and other Class members' rights and interests, at the expense of Plaintiff and other Class members' rights to pursue they own livelihood and realize the fruits of their own professional endeavors;

c.   It was done with the purpose and intent of deceiving and fraudulently inducing Plaintiff and other members of the Class into believing that they would be paid Earnings owed to them for work done, all while Defendants intended to withhold Plaintiff and other Class members' Earnings and divert funds derived from the withheld Earnings to the various illegal schemes in which Defendants were involved; and

d.   Based on Defendants' acts and omissions during the conduct of the illegal Association Enterprise, Defendants improperly used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

108.   Defendants have defrauded Plaintiff, other members of the Class, and the Internal Revenue Service; illegally withheld Plaintiff and other Class members' Earnings; have caused Plaintiff and other members of the Class real damage by causing them to be liable for taxes, penalties

and interest owed to the U.S. Treasury based on 26 U.S.C. §§ 1442, 1461 and 6672, and incurring attorneys' fees and costs defending against such liabilities. Plaintiff and the Class are thus entitled to treble damages for the violations of RICO laws alleged herein pursuant to 18 U.S.C. § 1964(c).

## SECOND CAUSE OF ACTION

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT: COUNT II  - VIOLATION OF 18 U.S.C. § 1962(d)**

**(By Plaintiff Against All Defendants)**

109.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as fully set forth herein.

110.    As set forth above, the Defendants agreed and conspired to violate 18 U.S.C. § 1962(a) (b) and (c). Specifically, Defendants conspired to: (1) use or invest income derived from a pattern of racketeering activity alleged hereinabove in the Association Enterprise (18 U.S.C. § 1962(a)); (2) acquire or maintain interests in the Association Enterprise through a pattern of racketeering activity alleged hereinabove (18 U.S.C. § 1962(b)); and (3) conduct and participate in the conduct of the affairs of the Association Enterprise through a pattern of racketeering activity alleged hereinabove (18 U.S.C. § 1962(c)).

111.    The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity alleged hereinabove, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity alleged hereinabove. The Defendants knew that their predicate acts were part of a pattern of racketeering activity alleged above and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18

COMPLAINT FOR DAMAGES

U.S.C.A. § 1962(a), (b) and (c), in violation of 18 U.S.C. § 1962(d).

112.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further wire fraud in violation of 18 U.S.C. § 1343.

113.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further mail fraud in violation of 18 U.S.C. § 1341.

114.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further the interstate transportation of stolen money in violation of 18 U.S.C. § 2314.

115.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further counterfeiting in violation of 18 U.S.C. §§ 471 and 473.

116.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further money laundering in violation of 18 U.S.C. § 1956.

117.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further embezzlement in violation of Cal. Penal Code § 503.

118.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further securities fraud in violation of 18 U.S.C. § 1348.

119.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intended to further bankruptcy fraud in violation of 18 U.S.C. § 157.

120.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have been aware of the essential nature and scope of the Association Enterprise and intended to participate in it.

121.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

COMPLAINT FOR DAMAGES

them, agreed to commit, or participate in, the violation of two predicate offenses, namely at least two acts of wire fraud in violation of 18 U.S.C. § 1343, at least two acts of mail fraud in violation of 18 U.S.C. § 1341, at least two acts of interstate transportation of stolen money in violation 18 U.S.C. § 2314, at least two acts of counterfeiting in violation of 18 U.S.C. §§ 471 and 473, at least two acts of money laundering in violation of 18 U.S.C. § 1956, at least two acts of embezzlement in violation of Cal. Penal Code § 503, at least two acts of securities fraud in violation of 18 U.S.C. § 1348, and at least two acts of bankruptcy fraud in violation of 18 U.S.C. § 157.

122.    Specifically, Defendants employed their fraudulent schemes on projects around the country, and as alleged above, have used fraudulent means to transfer funds between their various sham entities, thereby investing, transferring and reinvesting the income derived from their racketeering activities in various sham companies that are engaged in interstate commerce.

123.    As set forth above, Defendants conducted and participated in the Association Enterprise's affairs. Defendants knew that their actions were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described throughout this Complaint. This conduct constitutes a conspiracy to violate U.S.C. § 1962(a), (b), and (c), in violation of 18 U.S.C. § 1962(d).

124.    As a direct and proximate result of Defendants' conspiracies, the overt acts taken in furtherance of the conspiracies, and the violations of 18 U.S.C. § 1962(d), Plaintiff and other members of the Class have been injured in their business and property. Such conduct was oppressive, fraudulent, and malicious, and subjected Plaintiff and other members of the Class to cruel and unjust hardship in a willful and conscious disregard of its rights, warranting exemplary and punitive damages for the reasons set forth herein and for at least the following reasons:

a. It was done with the purpose and intent of depriving Plaintiff and other members of the Class of Earnings owed to them, and subjecting Plaintiff and other members of the Class to the foreseeable risks of incurring substantial losses directly flowing from withheld Earnings. Defendants illegally withheld Earnings from the Plaintiff and other members of the Class for the purpose of furthering Defendants' own illegal schemes all to the Plaintiff and other Class members' detriment;

b. It was done with the purposeful and intentional design of putting Defendants' own pecuniary interests ahead of Plaintiff and other members of the Class's rights and interests, at the expense of Plaintiff and other Class member's rights to pursue their own livelihood and realize the fruits of their own professional endeavors;

c. It was done with the purpose and intent of deceiving and fraudulently inducing Plaintiff and other members of the Class into believing that they would be paid Earnings owed to them for work done, all while Defendants intended to withhold Plaintiff and other Class members' Earnings and divert funds derived from the withheld Earnings to the various illegal schemes in which Defendants were involved; and

d. Based on Defendants' acts and omissions during the conduct of the illegal Association Enterprise, Defendants improperly used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

125. Plaintiff and the Class are entitled to treble damages for the violations of RICO laws alleged herein pursuant to 18 U.S.C. § 1964(c).

28

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

**SECURITY EXCHANGE COMMISSION – VIOLATIONS OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5**

**(By Plaintiff Against All Defendants)**

126.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

127.    Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they:

    a.   Employed devices, schemes, and artifices to defraud;

    b.   Made untrue statements of material facts or omitted material facts necessary in order to make the statements made, not misleading; or

    c.   Engaged in acts, practices and a course of business that operated as fraud or deceit upon the Plaintiff and other members of the Class.

128.    Specifically, Defendants used Plaintiff and other Class members' illegally withheld Earnings to purchase securities, a scheme the Defendants devised to defraud Plaintiff and other members of the Class out of Earnings to which they were legally entitled. The Defendants' fraudulent scheme was perpetuated through untrue statements of material fact made to entice Plaintiff and other members of the Class into working for Entity Defendants, all while Defendants schemed and devised to illegally withhold Earnings from Plaintiff and other members of the Class for the purpose of engaging in fraudulent acts, practices, and a course of business in purchasing securities.

129.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and other members of the Class have suffered damages in an amount to be proven at trial.

130.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5.

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS –**

**VIOLATION OF 26 U.S.C. § 7434**

**(By Plaintiff Against Defendants Corcoran and Keadjian)**

131.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

132.    26 U.S.C. § 7434 provides, "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

133.    Plaintiff is informed and believes and thereon alleges that Corcoran and Keadjian filed information returns as defined by 26 U.S.C. Section 6724(d)(1)(A).

134.    The first of the nine categories listed in 26 U.S.C. §6724(d)(1)(A) is "any statement of the amount of payments to another person required by section 6041 (a) or (b) (relating to certain information at source)." 26 U.S.C. §6041(a) states that , "All persons engaged in a trade or business and making payment in the course of such trade or business to another person ... of $600 or more in any taxable year ... shall render a true and accurate return to the Secretary [of the IRS] ... setting forth the amount of such gains, profits, and income, and the name and address of recipient of such payment."

135.    Plaintiff is informed and believes and on that basis alleges that Corcoran and Keadjian willfully filed the fraudulent information returns since they knew that the specified Earnings had not been paid to the Plaintiff and other members of the Class, and yet reported that amount fraudulently, thereby giving WKB and other Entity Defendants payroll tax credits as a result of these fraudulent information returns.

136.    As a proximate result of the misconduct, Plaintiff and other members of the Class were

damaged in an amount to be proven at trial, and are entitled to recover attorneys' fees and/or statutory damages in connection with this cause of action.

137.    Pursuant to 26 U.S.C. § 7434(d), contemporaneous with the filing of this Complaint, Plaintiff is providing a copy of this Complaint to the IRS.

## FIFTH CAUSE OF ACTION

### CONVERSION

**(By Plaintiff Against All Defendants)**

138.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

139.    At all times herein mentioned, Plaintiff and other members of the Class were and still are the owner of the illegally withheld Earnings described above.

140.    Plaintiff and other members of the Class were and still are entitled to the possession of the illegally withheld Earnings. On information and belief, Plaintiff and other members of the Class, collectively, are owed several million dollars. The investigation is ongoing and the total amount owed hereunder will be established according to proof at trial.

141.    Defendants illegally withheld these Earnings and converted the same to their own use, namely by transferring these Earnings to their personal bank accounts, purchasing securities with these Earnings, and funding various other business ventures through the Entity Defendants with these illegally withheld Earnings.

142.    As a proximate result of Defendants' conversion alleged herein, Plaintiff and the other members of the Class suffered damages and are entitled to an award of damages in the amount to be proven at trial, which constitutes a certain and concrete financial loss of Plaintiff and the other members of the Class factually (directly) and legally (proximately) caused by the Defendants'

31

conversion.

143.    Further, Defendants acted with oppression, fraud, and malice with respect to withholding the Plaintiff and other Class member's Earnings. Thus, Plaintiff and other members of the Class are entitled to an award of punitive damages against Defendants with respect to this conversation claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Class, prays for judgment against Defendants as follows:

1.    For an Order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorney as Class Counsel to represent the other members of the Class;

2.    For an Order declaring that Defendants' conduct violates the statutes referenced herein;

3.    Requiring that Defendants pay all costs, restitution, damages, including punitive damages, penalties, and disgorgement in an amount to be determined at trial, to Plaintiff and the Class;

4.    An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

5.    An award of costs and attorneys' fees; and

6.    For such other and further relief as the Court deems just and proper.

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all the claims herein.

Dated: June 3, 2021                                    **K&L LAW GROUP, P.C.**

Marc Lazo
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES